Examined and
Returned to

Requested by and
Return to:
Recording Department
First American Lenders Advantage
1801 Lakepointe Drive, Suite 111
Lewisville, TX 75057
(469) 322-2491

WHEN RECORDED RETURN TO:
Citibank
Document Administration
1000 Technology Drive – MS 221
O'Fallon, MO 63368-2240

THIS INSTRUMENT WAS PREPARED BY:
SHAILESH S RAI
Citibank
P.O. Box 790017, MS 221
St. Louis, MO 63179
(800) 925-2484

Property/Tax I.D.:  7996-28-8267-000

Doc ID: 000828000009 Type: DEE
Recorded: 08/08/2008 at 10:36:16 AM
Fee Amt: $963.00 Page 1 of 9
Fauquier County, VA
Gail H Barb Clerk of Circuit Court
Filed 2008-00007108

BK 1215 PG 838-846

NOTICE: THE DEBT SECURED HEREBY IS
SUBJECT TO CALL IN FULL OR THE TERMS
THEREOF BEING MODIFIED IN THE EVENT
OF SALE OR CONVEYANCE OF THE
PROPERTY CONVEYED.

ACCOUNT NO.:  106041004187000

4(638575cw) **HOME EQUITY LINE OF CREDIT DEED OF TRUST**
**(COMMONWEALTH OF VIRGINIA)**

**THIS IS A CREDIT LINE DEED OF TRUST THAT SECURES INDEBTEDNESS UNDER A LOAN AGREEMENT WHICH PROVIDES FOR A REVOLVING LINE OF CREDIT AND A VARIABLE INTEREST RATE.**

In this Deed, "You," "Your" and "Yours" means GLENN T. MACNAUGHTON AND LAURIE L. MACNAUGHTON, HUSBAND AND WIFE, AS TENANTS BY THE ENTIRETY, WITH THE FULL COMMON LAW RIGHT OF SURVIVORSHIP, of 6275 COVEY RD, WARRENTON, VA 20187. Grantor each person signing as trustor. "We," "Us" and "Our" means CITIBANK, FEDERAL SAVINGS BANK, 11800 Spectrum Center Drive, Reston, VA 22090, beneficiary. The "Trustee" means Charles B. Thomas, 10615 Judicial Drive Ste 103, Fairfax, VA 22030 or any successor appointed pursuant to Paragraph 26 of this Deed of Trust. The "Borrower" means the individual(s) who has(ve) signed the Home Equity Line of Credit Agreement and Disclosure (the "Agreement") of even date herewith and in connection with this Deed of Trust.

The "Property" means the real estate, including the leasehold (if any), located at 6275 COVEY RD, WARRENTON, VA 20187, FAUQUIER County and having the legal description attached to and made a part of this Deed of Trust.
EXHIBIT (A)

THIS MORTGAGE between You, Trustee and Us is made as of the date next to Your first signature below and has a final maturity date 30 years from such date.

The Agreement provides that the credit secured by the Property is an open-end revolving line of credit at a variable rate of interest. The maximum amount of all loan advances made to the Borrower under the Agreement and which may be secured by this Deed of Trust may not exceed $186,000.00 (the "Credit Limit"). At any particular time, the outstanding obligation of Borrower to Us under the Agreement may be any sum equal to or less than the Credit Limit plus interest and other charges owing under the Agreement and amounts owing under this Deed of Trust. Obligations under the Agreement, Deed of Trust and any riders thereto shall not be released even if all indebtedness under the Agreement is paid, unless and until We cause a reconveyance of the Property to be executed to Your and such reconveyance is properly recorded.

TO SECURE to Us: (a) the payment and performance of all indebtedness and obligations of the Borrower under the Agreement or any modification or replacement of the Agreement; (b) the payment of all other sums advanced in accordance herewith to protect the security of this Deed of Trust, with finance charges thereon at the variable rate described in the Agreement; and (c) the payment of any future advances made by Us to Borrower (pursuant to Paragraph 16 of this Deed of Trust (herein "Future Loan Advances")) and, in consideration of the indebtedness herein recited and the trust herein created, You hereby irrevocably grant and covey to Trustee, in trust, with, if allowed by applicable law, power of sale, the Property.

TOGETHER WITH all the improvements now or hereafter erected on the Property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to You to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, water rights and water stock, and all fixtures now or hereafter attached to the Property (which, if this Deed of Trust is on a unit in a condominium project or planned unit development, shall include the common elements in such project or development associated with such unit), all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property.

CFX-N-SI-703-VA                                    1 of 8                              Revised 11/17/2005
MACNAUGHTON                                                                        ACAPS  106041004187000

Exhibit 1

Deed of Trust, continued                                          citibank®

IN WITNESS WHEREOF, YOU HAVE EXECUTED THIS DEED OF TRUST, AND AGREE TO BE BOUND BY
ALL TERMS AND CONDITIONS STATED ON PAGES 4 THROUGH 8 FOLLOWING.

_Glenn T. Mac Naughton_ 04/21/2006      _Laura G. Mac Naughton_ 04/21/2006
Trustor: GLENN T MACNAUGHTON            Trustor: LAURIE L. MACNAUGHTON
[X] Married          [ ] Unmarried     [X] Married          [ ] Unmarried

Trustor:                                Trustor:
[ ] Married          [ ] Unmarried     [ ] Married          [ ] Unmarried

[ ] Married          [ ] Unmarried     [ ] Married          [ ] Unmarried

COMMONWEALTH OF VIRGINIA City/County FAUQUIER , ss:

The foregoing instrument was acknowledged before me this 04/21/2006 (Date) by GLENN T MACNAUGHTON and
LAURIE L. MACNAUGHTON (Person acknowledging)

My commission expires: 7/31/06

_Liana Darryman_
                                      Notary Public

The person signing below certifies that this Deed of Trust was prepared on behalf of Citibank, Federal Savings Bank, a party
named in the Deed of Trust.

_____          _____
(print name)

COMMONWEALTH OF VIRGINIA City/County FAUQUIER ss:

The foregoing instrument was acknowledged before me this 04/21/2006 (Date),
By _____ (Person acknowledging)

My commission expires: _____

_____
                                      Notary Public

CFX-H-S1-703-VA                        2 of 8                        Revised 11/17/2005
MACNAUGHTON                                                          ACAPS: 1060410041B7000

Deed of Trust, continued                                    **citibank**

### REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE
### UNDER SUPERIOR DEED OF TRUST OR MORTGAGE

We and You request the holder of any encumbrance with a lien which has priority over this Deed of Trust give notice to Us, at Our address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

_Glenn T. Mac Naughton_  04/21/2006          _Laurie Macdaughton_  04/21/2006
Trustor: GLENN T MACNAUGHTON                  Trustor: LAURIE L. MACNAUGHTON

Trustor:                                       Trustor:

**Deed of Trust, continued**

**citibank®**

You covenant that You are lawfully seized of the estate hereby conveyed and have the right to mortgage, grant, and convey the Property, and that the Property is unencumbered, except for the encumbrances of record and any first deed of trust. You covenant that You warrant and will defend generally the title to the Property against all claims and demands, except those disclosed in writing to Us as of the date of this Deed of Trust.

You and We covenant and agree as follows:

1. **Payment of Indebtedness.** Borrower shall promptly pay when due the indebtedness secured by this Deed of Trust including, without limitation, that evidenced by the Agreement.

2. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Us under the Agreement will be applied to the principal balance and any finance charges, late charges, collection costs, and other charges owing with respect to the indebtedness secured by this Deed of Trust in such order as We may choose from time to time.

3. **Charges; Liens.** Except as expressly provided in this Paragraph 3, You shall pay all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any, by Your making payments, when due, directly to the payee thereof. In the event You make payments directly to the payee thereof, upon Our request You shall promptly furnish to Us receipts evidencing such payment.

You shall make payments, when due, on any indebtedness secured by a deed of trust or other lien that is prior in right time or to this Deed of Trust (a "Prior Deed of Trust"). You shall promptly discharge the lien of any Prior Deed of Trust not disclosed to Us in writing at the time of application for the Agreement, provided, however, that You shall not be required to discharge any such lien so long as You shall (a) in good faith contest such lien by, or defend enforcement of such lien in, legal proceedings which operate to prevent the enforcement of the lien or forfeiture of the Property or any part thereof, or (b) secure from the holder of such prior lien an agreement in form and substance satisfactory to Us subordinating such lien to the Deed of Trust. You shall not enter into any agreement with the holder of a Prior Deed of Trust whereby such Prior Deed of Trust, or the indebtedness secured thereby is modified, amended, extended or renewed, without Our prior written consent. You shall neither request nor allow any future advances to be secured by a Prior Deed of Trust without Our prior written consent.

4. **Hazard Insurance.** You shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and such other hazards as We may require (including flood insurance coverage, if required by Us) and in such amounts and for such periods as We may require. Unless We require in writing otherwise, the policy shall provide insurance on a replacement cost basis in an amount not less than that necessary to comply with any coinsurance percentage stipulated in the hazard insurance policy. All insurance policies and renewals thereof shall be in form and substance and with carriers acceptable to Us and shall include a standard mortgage clause in favor of and in form and substance satisfactory to Us. In the event of loss, You shall give prompt notice to the insurance carrier and Us. We may make proof of loss if not made promptly by You.

If the Property is abandoned by You, or if You fail to respond to Us within thirty (30) days from the date the notice is mailed by Us to You that the insurance carrier offers to settle a claim for insurance benefits, We are authorized to collect and apply the insurance proceeds at Our option either to restoration or repair of the Property, or to sums secured by this Deed of Trust.

If the Property is acquired by Us under Paragraph 14 of this Deed of Trust, all of Your right, title and interest in and to any insurance policies, and in and to the proceeds thereof resulting from damage to the Property prior to the sale or acquisition, shall pass to Us to the extent of the sums secured by this Deed of Trust immediately prior to such sale or acquisition.

The provisions of this Paragraph 4 shall be subject to the provisions of Paragraph 5 if this Deed of Trust covers a unit in a condominium project or planned unit development.

**citibank**

**Deed of Trust, continued**

5. **Preservation and Maintenance of Property; Condominiums and Planned Unit Developments.** If this Deed of Trust is on a unit in a condominium or a planned unit development (herein "Condominium Project"), then: (a) You shall perform all of Your obligations under the declaration or covenants creating or governing the Condominium Project, the by-laws and regulations of the Condominium Project, and all constituent documents (herein "Project Documents"), including the payment when due of assessments imposed by the homeowners association or other governing body of the Condominium Project (herein "Owner's Association"); (b) You shall be deemed to have satisfied the insurance requirements under Paragraph 4 of this Deed of Trust if the Owners Association maintains in full force and effect a "master" or "blanket" policy on the Condominium Project which provides insurance coverage against fire, hazards included within the term "extended coverage" and such other hazards (including flood insurance) as We may require, and in such amounts and for such periods as We may require naming Us as additional loss payee; (c) the provisions of any Project Documents regarding the application of any insurance proceeds from "master" or "blanket" policies covering the Condominium Project shall supersede the provisions of Paragraph 4 of this Deed of Trust to the extent necessary to avoid conflict between the provisions thereof and hereof; (d) You hereby assign to Us the right to receive distributions on account of the Property under "master" or "blanket" policies covering the Condominium Project to the extent not applied to the restoration or repair of the Property, with any such distributions in excess of the amount necessary to satisfy in full the obligations secured by this Deed of Trust being paid to You; (e) You shall give Us prompt written notice of any lapse in any insurance coverage under a "master" or "blanket" policy on the Condominium Project; and (f) You shall not, without Our prior written consent, consent to either (i) the abandonment or termination of the Condominium Project (except for the abandonment or termination provided by law in the case of substantial destruction by fire or other casualty or in the case of a taking or condemnation or eminent domain), (ii) any material amendment to the Project Documents (including any change in the percentage interests of the unit owners in the Condominium Project), or (iii) the effectuation of any decision by the Owners Association to terminate professional management and assume self-management of the Condominium Project. If the Property has rental units, You shall maintain insurance against rent loss in addition to the other hazards for which insurance is required herein.

6. **Protection of Our Security.** If You fail to perform Your obligations under this Deed of Trust, or if any action or proceedings adversely affects Our interest in the Property, We may, at Our option, take any action reasonably necessary (including, without limitation, paying expenses and attorney fees and to have entry upon the Property to make repairs) to perform Your obligations or to protect Our interests. Any amounts disbursed by Us pursuant to this Paragraph 6, with interest thereon at the variable rate described in the Agreement, shall become indebtedness secured by this Deed of Trust (except as expressly provided herein). Nothing contained in this Paragraph 6 shall require Us to incur any expense or take any action hereunder.

7. **Inspection.** We or Our agents may enter and inspect the Property, after giving You reasonable prior notice.

8. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Us. Neither Borrower nor You will be relieved of any obligation to make payments if We apply the award received to the outstanding balance owed.
If You abandon the Property, or if, after notice by Us to You that the condemnor offers to make an award or settle a claim for damages, You fail to respond to Us within thirty (30) days after the date such notice is mailed, We are authorized to collect and apply the proceeds in the same manner as provided in Paragraph 4 hereof.

9. **Forbearance Not a Waiver.** Any forbearance by Us in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy in the future. Any waiver by Us must be in writing and signed by Us.

10. **Successors and Assigns Bound; Joint and Several Liability; Captions.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, Your and Our respective successors and assigns, subject to the provisions of Paragraph 13 hereof. All Your covenants and agreements shall be joint and several. The captions and headings of the paragraphs of this Deed of Trust are for convenience only and are not to be used to interpret or define the provisions hereof.

## Deed of Trust, continued 

**11. Notices.** Except for any notice required under applicable law to be given in another manner, (a) any notice to You provided for in this Deed of Trust shall be given by personal delivery or by mailing such notice by first-class postage paid, addressed to You at the address of the Property shown at the beginning of the Deed of Trust or at such other address as You may designate by notice to Us as provided herein, and (b) any notice to Us shall be given by personal delivery or by mailing such notice by certified mail, return receipt requested, to Our address stated herein or to such other address as We may designate by notice to You as provided herein.

**12. Severability.** If any term of this Deed of Trust is found to be unenforceable, all other provisions will remain in full force.

**13. Due on Transfer Provision - Transfer of the Property.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in You is sold or transferred and You are not a natural person) without Our prior written consent, We may, at Our option, require immediate payment in full of all sums secured by this Deed of Trust. However, We shall not exercise this option if the exercise is prohibited by applicable law as of the date of this Deed of Trust. If We exercise this option, We shall give You notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which all sums secured by this Deed of Trust must be paid. If these sums are not paid prior to the expiration of this period, We may invoke any remedies permitted by this Deed of Trust without further notice or demand on You.

**14. Default.** If You breach any term in this Deed of Trust, or if Borrower fails to perform any obligation under the Agreement, We may, at Our option, declare all sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale under this Deed of Trust and any other remedies permitted by law. We may collect from You all reasonable costs incurred in enforcing the terms of this Deed of Trust, including attorney's fees and allocated costs of Our salaried employees.

**15. Assignment of Rents.** As additional security hereunder, You hereby assign to Us the rents of the Property; provided, however, that You shall have, prior to acceleration under Paragraph 14 hereof or abandonment of the Property, the right to collect and retain such rents as they become due and payable.

**16. Future Loan Advances.** Upon Your request, We at Our option may make Future Loan Advances to You or Borrower. Such Future Loan Advances, with interest thereon, shall be secured by this Deed of Trust when evidenced by a promissory note or agreement stating that said note or agreement is so secured.

**17. Release.** Upon payment of all sums secured by this Deed of Trust and upon (a) expiration of the Agreement or (b) Your request, We shall release this Deed of Trust and You shall pay all costs of recordation, if any.

**18. Appointment of Receiver; Lender in Possession.** Upon acceleration under this Deed of Trust or abandonment of the Property, We shall be entitled to have a receiver appointed by a court to enter upon, take possession of, and manage the Property and collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including but not limited to, receiver's fees and premiums on the receiver's bonds and reasonable attorneys' fees and then to the sums secured by this Deed of Trust. The receiver shall be liable to account only for those rents actually received.

**19. Statement of Obligation.** We may collect a fee for furnishing a statement of obligation in an amount not to exceed the maximum amount permitted under applicable law.

**20. No Merger.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for Our benefit in any capacity, without Our prior written consent.

**Deed of Trust, continued**

**citibank®**

21. **Fixture Filing.** This Deed of Trust constitutes a financing statement filed as a fixture filing in the Official Records of the County Recorder of the county in which the Property is located with respect to any and all fixtures included within the term "Property" as used in this Deed of Trust and with respect to any goods or other personal property that may now or hereafter become such fixtures.

22. **Third Party Waivers.** In the event that any of You has not also signed the Agreement as Borrower, each of You: (a) agrees that We may, from time to time, without notice to, consent from or demand on You, and without affecting or impairing in any way any of Our rights or Your obligations, (i) renew, extend, accelerate, compromise or change the interest rate or other terms of the Agreement and any promissory note or agreement evidencing a Future Loan Advance, and (ii) accept, waive and release other security (including guarantees) for the obligations arising under the Agreement or any promissory note or agreement evidencing a Future Loan Advance, and (b) waives (i) any right to require Us to proceed against any Borrower or any other person, proceed against or exhaust any security for the obligations secured by this Deed of Trust or pursue any other remedy in Our power whatsoever, (ii) any defense or right against Us arising out of any disability or other defense or cessation of liability of any Borrower for any reason other than full payment, (iii) any defense or right against Us arising out of Our foreclosure upon the Property, even though such foreclosure results in the loss of any right of subrogation, reimbursement or other right You have against any Borrower, (iv) all presentments, diligence, protests, demands and notice of protest, dishonor, and nonperformance, (v) until payment in full of the indebtedness secured by this Deed of Trust, any right of subrogation or the benefit of any security for such indebtedness, and (vi) the benefit of the statute of limitations affecting the Property to the extent permitted by law. Any partial payment by Borrower or other circumstance that operates to toll any statute of limitations as to such person shall operate to toll such statute as to You.

23. **Choice of Law.** The Deed of Trust will be governed by United States federal law and, to the extent the United States federal law is inapplicable, then by the laws of the Commonwealth of Virginia; except that, with regard to the perfection and enforcement of Citibank's security interest in the Property, the Deed of Trust will be governed by the law of the state where the Property is located.

24. **Your Copy.** You shall be given one conformed copy of the Agreement and this Deed of Trust.

25. **Loan Charges Legislation Affecting Our Rights.** If the Agreement is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Agreement exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any such loan charge already collected from You or Borrower which exceeded permitted limits will be refunded to You or Borrower. We may choose to make this refund by reducing the principal owed under the Agreement or by making a direct payment to You or Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge due. If enactment or expiration of applicable laws has the effect of rendering any provision of the Agreement or this Deed of Trust unenforceable according to its terms, We may at Our option, require immediate payment in full of all sums secured by this Deed of Trust and may invoke any remedies permitted by Paragraph 14.

26. **Substitute Trustee.** We may, at our Option, from time to time remove the Trustee and appoint a successor Trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor Trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

27. **Reconveyance.** After compliance with all requirements of the Agreement, We shall request the Trustee to reconvey the Property to You. Trustee shall reconvey the Property without warranty. You shall pay any fee legally charged by the Trustee for the issuance of reconveyance and all costs of recordation.

28. **ACCELERATION; REMEDIES. EXCEPT AS PROVIDED IN PARAGRAPH 13 OF THIS DEED OF TRUST, UPON BORROWER'S OR YOUR BREACH OF ANY COVENANT OR AGREEMENT IN THIS DEED OF TRUST, INCLUDING THE COVENANTS TO PAY WHEN DUE ANY SUMS SECURED BY THIS DEED OF TRUST, WE, PRIOR TO ACCELERATION SHALL MAIL NOTICE TO YOU AND BORROWER AS PROVIDED IN PARAGRAPH 11 OF THIS DEED OF TRUST SPECIFYING: (A) THE BREACH; (B) THE ACTION REQUIRED TO CURE SUCH**

Deed of Trust, continued                                     citibank

BREACH; (C) A DATE, NOT LESS THAN 30 DAYS FROM THE DATE THE NOTICE IS MAILED TO YOU AND
BORROWER, BY WHICH SUCH BREACH MUST BE CURED; AND (D) THAT FAILURE TO CURE SUCH BREACH
ON OR BEFORE THE DATE SPECIFIED IN THE NOTICE MAY RESULT IN ACCELERATION OF THE SUMS
SECURED BY THIS DEED OF TRUST AND SALE OF THE PROPERTY. THE NOTICE SHALL FURTHER INFORM
YOU AND BORROWER OF THE RIGHT TO REINSTATE AFTER ACCELERATION AND THE RIGHT TO ASSERT
IN THE FORECLOSURE PROCEEDING THE NONEXISTENCE OF A DEFAULT OR ANY OTHER DEFENSE OF
YOU OR BORROWER TO ACCELERATION AND SALE. IF THE BREACH IS NOTE CURED ON OR BEFORE THE
DATE SPECIFIED IN THE NOTICE, WE, AT OUR OPTION, MAY DECLARE ALL OF THE SUMS SECURED BY
THIS DEED OF TRUST TO BE IMMEDIATELY DUE AND PAYABLE WITHOUT FURTHER DEMAND, AND MAY
INVOKE THE POWER OF SALE AND ANY OTHER REMEDIES PERMITTED BY APPLICABLE LAW. WE SHALL
BE ENTITLED TO COLLECT ALL REASONABLE COSTS AND EXPENSES INCURRED IN PURSUING THE
REMEDIES PROVIDED IN THIS PARAGRAPH 28, INCLUDING, BUT NOT LIMITED TO, REASONABLE
ATTORNEYS' FEES.

IF WE INVOKE THE POWER OF SALE, WE SHALL MAIL OR CAUSE TRUSTEE TO MAIL WRITTEN NOTICE OF
SALE TO YOU AND BORROWER IN THE MANNER PRESCRIBED BY APPLICABLE LAW. TRUSTEE SHALL
GIVE NOTICE OF SALE BY PUBLIC ADVERTISEMENT FOR THE TIME AND IN THE MANNER PRESCRIBED BY
APPLICABLE LAW. TRUSTEE, WITHOUT DEMAND ON YOU OR BORROWER, SHALL SELL THE PROPERTY
AT PUBLIC AUCTION TO THE HIGHEST BIDDER AT THE TIME AND PLACE AND UNDER THE TERMS
DESIGNATED IN THE NOTICE OF SALE IN ONE OR MORE PARCELS AND IN SUCH ORDER AS TRUSTEE MAY
DETERMINE. TRUSTEE MAY POSTPONE SALE OF ALL OR ANY PARCEL OF THE PROPERTY BY PUBLIC
ANNOUNCEMENT AT THE TIME AND PLACE OF ANY PREVIOUSLY SCHEDULED SALE. WE OR OUR
DESIGNEE MAY PURCHASE THE PROPERTY AT ANY SALE.

TRUSTEE SHALL DELIVER TO THE PURCHASER TRUSTEE'S DEED CONVEYING THE PROPERTY SOLD
WITHOUT ANY COVENANT OR WARRANTY, EXPRESSED OR IMPLIED. THE RECITALS IN THE TRUSTEE'S
DEED SHALL BE PRIMA FACIE EVIDENCE OF THE TRUTH OF THE STATEMENTS THEREIN. TRUSTEE SHALL
APPLY THE PROCEEDS OF THE SALE IN THE FOLLOWING ORDER: (A) TO ALL COSTS AND EXPENSES OF
THE SALE, INCLUDING BUT NOT LIMITED TO, REASONABLE ATTORNEYS' FEES AND COSTS OF TITLE
EVIDENCE; (B) TO ALL SUMS SECURED BY THIS DEED OF TRUST; AND (C) THE EXCESS, IF ANY, TO THE
PERSON OR PERSONS LEGALLY ENTITLED THERETO.

# EXHIBIT A

ALL THAT CERTAIN TRACT OR PARCEL OF LAND LYING AND BEING SITUATE IN SCOTT
MAGISTERIAL DISTRICT, FAUQUIER COUNTY, VIRGINIA, DESIGNATED AND SHOWN AND
DESCRIBED AS LOT 1 CONTAINING 9.3262 ACRES ON PLAT OF SUBDIVISION OF QUAIL
TRAIL ESTATES PREPARED BY VII&D, INC. DATED SEPTEMBER 13, 1985, DULY DEDICATED,
PLATTED AND RECORDED IN DEED BOOK 518, PAGE 773, IN THE CLERK'S OFFICE OF THE
CIRCUIT COURT OF FAUQUIER COUNTY, VIRGINIA. TOGETHER WITH AND SUBJECT TO
THE RIGHTS OF OTHERS IN AND TO THE USE OF THAT CERTAIN 50 FEET WIDE PRIVATE
ACCESS ROAD AND 10 FEET WIDE CONSTRUCTION AND UTILITY EASEMENT AS SHOWN
ON THE AFORESAID SUBDIVISION PLAT.

9

RECORDED IN CLERKS OFFICE OF
FAUQUIER ON
May 08,2008 AT 10:36:18 AM
$0.00 GRANTOR TAX PD
AS REQUIRED BY VA CODE Sec. 1-802
STATE: $0.00 LOCAL: $0.00
FAUQUIER COUNTY, VA
GAIL H BARB CLERK OF CIRCUIT COURT

Gail H Barb , Clerk